**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

COCKERELL OIL PROPERTIES, LTD,  )
on behalf of itself and all     )
others similarly situated,      )
                                )
                Plaintiff,      )
                                )
v.                              )   Case No. CIV-16-135-KEW
                                )
UNIT PETROLEUM COMPANY,         )
an Oklahoma corporation,        )
                                )
                Defendant.      )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion Pursuant to Rule 54(b) (Docket Entry #148).  Plaintiff seeks reconsideration of this Court's February 28, 2020 Opinion and Order pertaining to Defendant's Motion for Summary Judgment. Specifically, Plaintiff contends this Court erred in two respects – (1) finding that Plaintiff was not entitled to "interest on interest" for any late payment of oil and gas proceeds by Defendant; and (2) finding that Plaintiff lacked the required standing to pursue the late payment of proceeds on Check No. 2353066 without providing an opportunity to ratify, join, or substitute the real party in interest or amend the Complaint.

The specific interest provision of the Oklahoma Production Revenue Standards Act ("PRSA") at issue on whether Plaintiff is

1

entitled to "interest on interest" is set out at Okla. Stat. Ann.

tit. 52, § 570.10(D).  The portion of this statute pertinent to

the arguments made in the subject Motion provides:

> D.  1.  Except as otherwise provided in
> paragraph 2 of this subsection, where proceeds
> from the sale of oil or gas production or some
> portion of such proceeds are not paid prior to
> the end of the applicable time periods
> provided in this section, that portion not
> timely paid shall earn interest at the rate of
> twelve percent (12%) per annum to be
> compounded annually, calculated from the end
> of the month in which such production is sold
> until the day paid.

Plaintiff asserts that it cited an opinion from the Oklahoma

Attorney General which supported a finding that the PRSA authorizes

interest to be assessed upon the unpaid principal and accrued

interest at a rate of 12% per annum.  To be clear, Plaintiff did,

in fact, cite to this opinion but in the portion of the response

pertaining to the statute of limitations under the PRSA, thus

prompting this Court's qualification that "[t]o the extent COP

opposes this position" summary judgment was granted on this issue.

Because the statute undoubtedly and expressly provides for

compound interest, however, reconsideration is in order.

The PRSA has gone through at least two different iterations

since 1981 as noted in Defendant's response.  The primary and

relevant changes in the 1981 and 1989 versions of the statute has

been the reference to interest on the unpaid proceeds "as the penalty" for the delay in payment contained in the 1981 statute and the addition of the requirement that the 12% interest accruing on the unpaid proceeds be "compounded annually".  The current statute then added the requirement that interest be "compounded annually, calculated from the end of the month in which such production is sold until the day paid." *Compare* Okla. Stat. tit. 52 § 540(B)(1981), Okla. Stat. tit. 52 § 540(D)(1989), *and* Okla. Stat. tit. 52 § 570.10(D)(1)(1993).  The Attorney General Opinion to which Plaintiff directs this Court pertains to the 1989 version of the statute which did not contain the same language as the current version.  *See*, 1989 AG 53.  Moreover, the current version does not reference this opinion of the Attorney General in the list of opinions upon which the statute's amendments were passed. As a result, this Court is reluctant to rely upon this opinion of the Oklahoma Attorney General in determining this question.

However, it is also unnecessary to turn to this dubious authority to consider the question at issue.  The plain language of the current and applicable PRSA requires that the producer be assessed 12% interest, compounded annually until the day paid. The term "compounded annually" cannot be ignored and must be given meaning.  Indeed, "[t]he cardinal rule of statutory construction

3

is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language." Am. Airlines, Inc. v. State, ex rel. Oklahoma Tax Comm'n, 341 P.3d 56, 64 (Okla. 2014) citing Naylor v. Petuskey, 834 P.2d 439, 440 (Okla. 1992); Ledbetter v. Howard, 276 P.3d 1031, 1035 (Okla. 2012).

A court must give statutory language "a plain and ordinary meaning, unless it is clear from the statute that a different meaning was intended by the Legislature." Fanning v. Brown, 85 P.3d 841, 845–46 (Okla. 2004). The plain meaning of a statute controls if the statutory language is clear and unambiguous, and a court may not invoke other principles of statutory construction if the statute is unambiguous. Samman v. Multiple Injury Trust Fund, 33 P.3d 302, 307 (Okla. 2001). A party may not create an ambiguity by demanding a strained reading of the statutory language or by unnecessarily creating a conflict with other statutes. Crutchfield v. Marine Power Engine Co., 209 P.3d 295, 305 (Okla. 2009).

The term "compound interest" is a common financial term with a uniform and unambiguous meaning. Oklahoma cases and statutory authority have recognized the meaning of the term in other contexts as "interest on accrued interest." See Cox v. Kansas City Life Ins. Co., 983 P.2d 1025, 1027 (Okla. 1999)(". . . the compounding

4

of interest, that is interest on accrued interest.); *See also* Okla. Stat. tit. 25 § 27 ("The words 'compound interest' mean interest added to the principal as the former becomes due, and thereafter made to bear interest.").   The term as used in the PRSA is, therefore, found to be unambiguous and providing for the annual accrual of interest on the accumulated interest on any unpaid proceeds not paid timely under the provisions of that statute.

Moreover, the inclusion of the term "until the day paid" does not alter the analysis.   The clear meaning of the term given the clear meaning of "compound interest" allows for the accrual of interest on the compounded amount – which includes any accrued interest - until the proceeds and accrued interest is paid.   This interpretation is consistent with the base concept that the compounded interest actually becomes a part of the proceeds due and accrues interest as if it were the proceeds originally due. As a result, this Court has reconsidered its prior ruling on interest and finds that the PRSA provides for compounding of interest until the full amount – the proceeds due and the accrued interest – are paid in accordance with the terms of the statute.

Plaintiff also seeks reconsideration of the finding that Cockerell Oil Properties, Ltd. lacked standing to bring a claim associated with Check No. 2353066 which named Edward Cockerell as

payee.   Plaintiff contends this Court should have allowed it to
ratify Mr. Cockerell's actions under Fed. R. Civ. P. 17(a) or
allowed it to amend the Complaint.   Specifically, Rule 17(a)(3)
provides that

> The court may not dismiss an action for
> failure to prosecute in the name of the real
> party in interest until, after an objection,
> a reasonable time has been allowed for the
> real party in interest to ratify, join, or be
> substituted    into    the    action.    After
> ratification, joinder, or substitution, the
> action proceeds as if it had been originally
> commenced by the real party in interest.

> Fed. R. Civ. P. 17(a)(3).

The  advisory  committee's  notes  accompanying  this  Rule
instruct  that  Rule  17(a)(3)  "is  intended  to  prevent  forfeiture
when determination of the proper party to sue is difficult or when
an  understandable  mistake  has  been  made."  Id.   As a result, in
determining whether or not it is appropriate to substitute a party
as the real party in interest under Rule 17(a)(3), a Court must
"focus  primarily  on  whether  [the  party  seeking  substitution]
engaged  in  deliberate  tactical  maneuvering  (i.e.  whether  his
mistake was "honest"), and on whether the [opposing party] was
prejudiced thereby."   Esposito v. United States, 368 F.3d 1271,
1276 (10th Cir. 2004).

In this case, this Court cannot conclude that the naming of

6

Plaintiff in this action was a deliberate tactical maneuver with a nefarious purpose such as concealing the real party in interest. Though Plaintiff was ultimately found to be mistaken in its belief that the oil and gas interests held by Edward Cockerell were transferred, this fact does not alter the admonition imposed through Rule 17(a)(3) to avoid forfeiture and permit an action to proceed with the ratification of the real party in interest. "A proper ratification pursuant to Rule 17(a) requires the ratifying party to authorize continuation of the action, and agree to be bound by the lawsuit's result." Scheufler v. Gen. Host Corp., 126 F.3d 1261, 1272 (10th Cir. 1997) citing Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 712 (9th Cir. 1992).

This Court finds that ratification would represent the least intrusive remedy for ensuring that the interests of the real party in interest are protected in lieu of substitution or joinder. The interests of Cockerell Oil Properties, Ltd. and Edward Cockerell, through his estate, are presumably largely coterminous and the naming of Mr. Cockerell's estate would not further the interests of Plaintiff nor assist Defendant in its defense.

Defendant does not identify a non-curable prejudice to its ability to defend this action which would preclude ratification. Discovery proceeded with Mr. Cockerell while he was alive since he

7

was the general partner in Cockerell Oil Properties, Ltd. This Court is mindful of Defendant's argument that standing is determined at the time of the filing of the Complaint and its objections to ratification based upon this fact. Ratification under Rule 17(a)(3), however, "will relate back to the date of the original complaint under the express terms of that Rule". Scheufler v. Gen. Host Corp., 126 F.3d 1261, 1271 (10th Cir. 1997). Consequently, the principle that standing is determined at the time of the commencement of the action and the principle that ratification relates back to the filing of the complaint are not inconsistent. While this Court is not endorsing the timing of the request to ratify – after the filing of Defendant's summary judgment motion and, now, after the ruling on summary judgment – nothing in Rule 17(a)(3) nor in the interpreting case authority requires consideration of the timing for the request.

The request to amend the Complaint is somewhat rendered moot by the granting of the request to ratify. To the extent Plaintiff continues to urge it, it is denied for largely the same reasons as when it was requested on February 27, 2019.

IT IS THEREFORE ORDERED that Plaintiff's Motion Pursuant to Rule 54(b) (Docket Entry #148) is hereby **GRANTED**. As a result, compounded interest on late paid proceeds and accrued interest

will be permitted for recovery in this action.  Additionally, the appropriate legal representative of the estate of Edward Cockerell will be permitted to file a ratification under Fed. R. Civ. P. 17(a)(3) to authorize Plaintiff to proceed to recover any remaining claims associated with Check No. 2353066.  The ratification, if it is to be authorized, shall be filed by **MAY 14, 2020**.

IT IS FURTHER ORDERED that the parties shall file briefs associated with Defendant's Motion to Deny Class Certification and the filing of Plaintiff's Motion for Class Certification in accordance with the Order entered March 27, 2020 (Docket Entry #156).

IT IS SO ORDERED this 4th day of May, 2020.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE